ALEX G. TSE (CABN 152348)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
DAVID A. PEREDA (CABN 237982)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, CA 94612
    Telephone: (510) 637-3701
    FAX: (510) 637-3724
    David.Pereda@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DENISE NADER, | Case No.: C17-06568 KAW |
| Plaintiff, | **STIPULATION RE REMAND; [PROPOSED] ORDER AS MODIFIED** |
| v. | |
| ERIC D. HARGAN, | |
| Defendant. | |

The parties, through their counsel, hereby stipulate as follows:

On November 13, 2017, Plaintiff filed this action challenging an Administrative Law Judge's ("ALJ") decision in ALJ No. 1-854995573, Docket No. M-12-1555. ECF No. 1; ECF 1-1, at 26. The ALJ found that Medicare is entitled to a repayment of $187,802.15 from an award that Plaintiff's husband received. *Id.* Plaintiff contends that the decision is incorrect because the Alameda County Superior Court upheld an arbitration award that assigned a lower reimbursement amount to Medicare, and Medicare was represented by counsel during those proceedings. *Id.*

STIPULATION; [PROPOSED] ORDER
C17-06568 KAW

1

On July 30, 2018, the government filed the Administrative Record for this action. ECF No. 36. Unfortunately, it does not contain a transcript of the administrative hearing before the ALJ. Despite diligent efforts, the agency cannot obtain a functioning copy of the audio from that hearing.

Plaintiff contends that the transcript of the administrative hearing is vital to her challenge that the underlying ALJ decision in this matter is not supported by substantial evidence. Because the Court's review is generally limited to the administrative record, 5 U.S.C. § 706, Plaintiff contends that she will be severely prejudiced if she is unable to cite to that hearing.

The Social Security Act provides the sole avenue for administrative and judicial review of Medicare claims. *Heckler v. Ringer*, 466 U.S. 602, 614 (1984). Section 1395ff(b)(1)(A) of the Social Security Act reads:

> [A]ny individual dissatisfied with any initial determination shall be entitled to reconsideration of the determination, and. . . a hearing thereon by the Secretary [and] to judicial review of the Secretary's final decision after such hearing as is provided in section 405(g) of this title.

42 U.S.C. § 1395ff(b)(1)(A).

The Court may "for good cause shown before the [Secretary] files the [Secretary's] answer, remand the case to the [Secretary] for further action by the [Secretary], and it may at any time order additional evidence to be taken before the [Secretary]. . . ." 42 U.S.C. § 405(g). That statute "permits the district court to remand without making any substantive rulings as to the correctness of the [Secretary's] decision." *Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999); *See Prime Healthcare Services—San Dimas LLC v. Price*, C 18-8099-JAK, Dkt No. 47.

Further, in the course of preparing an opening brief for the hearing of this matter before the District Court, Plaintiff has determined that facts which have developed since 2012 in connection with the funds which Medicare claims must be paid to it are not part of the administrative record. Plaintiff believes that these facts should be brought to the attention of the Medicare Appeals Council in a re-adjudication before an administrative law judge of the issues in this matter. In the event that a decision is again rendered against Plaintiff, the administrative record will then be complete and up to date and will permit a full and fair hearing before this Court.

The parties thus agree, pursuant to 42 U.S.C. § 405(g) and 42 C.F.R. § 405.1138, that (1) this matter be remanded to the Secretary with direction to remand the matter to be re-adjudicated before the Administrative Law Judge, and (2) each party shall bear her own fees and costs with respect to the remand of this action.

IT IS SO STIPULATED.

DATED: October 29, 2018    Respectfully submitted,

ALEX G. TSE
United States Attorney

 /s/ *David Pereda*
DAVID PEREDA
Assistant United States Attorney


LAW OFFICE OF WILLIAM CAMPISIS JR.

 /s/* *William Campisi Jr.*
WILLIAM CAMPISI JR.


PURSUANT TO STIPULATION, IT IS SO ORDERED. This matter is remanded to the Secretary of the U.S. Department of Health and Human Services with direction to remand the matter to be re-adjudicated before the Administrative Law Judge. Each party shall bear her own fees and costs with respect to the remand of this action; and it is further

ORDERED, that this matter is stayed and parties are to file a status report by May 3, 2019.

Dated: 11/2/18

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

STIPULATION; [PROPOSED] ORDER
C17-06568 KAW

### *CERTIFICATION

Pursuant to Civil L.R. 5-1(i)(3), I, David Pereda, hereby attest that Mr. Campisi concurred in the filing of this document.

STIPULATION; [PROPOSED] ORDER
C17-06568 KAW