UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE NADER,<br>　　　　Plaintiff,<br>　　v.<br>ERIC D. HARGAN,<br>　　　　Defendant. | Case No. 17-cv-06568-KAW<br><br>**ORDER SETTING BRIEFING SCHEDULE**<br>Re: Dkt. No. 49 |

On November 30, 2017, Plaintiff Denise Nader filed this appeal from the ruling of the Medicare Appeals Council, considering whether Medicare was entitled to reimbursement of all care expenses paid for Mr. Ferdinand Nader. (Compl., Dkt. No. 1.) On October 29, 2018, the parties stipulated to remand the case for re-adjudication before the Administrative Law Judge ("ALJ"). (Dkt. No. 40 at 3.) The reason for the remand was due to the administrative record being incomplete, as it lacked a transcript of the administrative hearing before the ALJ. (*Id.* at 2.) Additionally, Plaintiff had determined that facts developed since 2012 were not part of the administrative record. (*Id.*)

On November 2, 2018, the Court granted the stipulation. On August 16, 2019, the ALJ ruled against Plaintiff. (Dkt. No. 48 at 1; Dkt. No. 49 at 1.) At the hearing, the ALJ informed Plaintiff's counsel that if she was to appeal to the Medicare Appeals Council, "it would likely take the [Medicare Appeals Council] another five to six years before it would render its decision on that appeal." (Dkt. No. 49 at 1.) Based on this, and the fact that the Medicare Appeals Council already took five years to process the earlier appeal, Plaintiff argues that any appeal of the ALJ's decision would be effectively futile and constitute a denial of due process. (*Id.*) Thus, Plaintiff requests that the Court set a briefing schedule and hearing on the issue of whether the Court may

take immediate jurisdiction over this matter. (*Id.* at 2.)

On the facts, it appears Plaintiff has a sound argument regarding futility, especially when the ALJ's original decision was issued on *February 15, 2012*, over seven years ago. (Compl. ¶ 17.) The instant proceedings were then delayed due to the administrative record not being complete, including the government's inability to include a transcript because "the agency cannot obtain a functioning copy of the audio from that hearing." (Dkt. No. 40 at 2.) To now require Plaintiff to wait an additional five to six years for an appeal to be rendered would appear to raise due process concerns.

Accordingly, the Court ORDERS the parties to meet and confer as to whether the Court should take immediate jurisdiction over this matter. If the parties are unable to stipulate, the Court SETS the following briefing schedule: Plaintiff's motion shall be due on September 26, 2019, and Defendant's opposition shall be due on October 3, 2019. No reply or hearing will be set unless the Court deems it necessary.

IT IS SO ORDERED.

Dated: September 10, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge